IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARIAN BALCOM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:19cv506 |
| ) | **Electronic Filing** |
| **CITY OF PITTSBURGH** individually, ) | |
| **GABE FIGUEROA** individually, **JOHN** ) | |
| **DOE** individually, **JORGE ZARATE,** ) | |
| **OFFICER LEO, OFFICER** ) | |
| **DONNOLLEY** and **OFFICER SMITH,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 16th day of June, 2023, upon due consideration of defendants' Omnibus Motion *In Limine* and Brief in Support and the plaintiff's response thereto, IT IS ORDERED that [118] the motion be, and the same hereby is, granted in part and denied in part as follows:

**a. Motion *In Limine* to Exclude Plaintiff's Ex. 4 (Apartment Photos)**

This motion is denied.  Officer Figueroa entered the apartment as part of his investigation and did so prior to arresting plaintiff.  Except for his recollection about the total amount of dog feces, he confirmed that the photographs reflected the condition of the premises on the night in question.  At the very minimum, the photographs of the condition of the apartment are relevant to both the defendant officers' state of mind when Officer Figueroa arrest plaintiff on December 18, 2017, and to whether defendant Officer Figueroa had probable cause to do so.

**b. Motion *In Limine* to Exclude Plaintiff's Ex. 5 (Jeep Photo)**

This motion is granted.  Plaintiff is precluded from introducing the photograph of defendant Officer Figueroa's Jeep with a "TRUMP" sticker on the bumper.  This photograph is irrelevant to the events that occurred on the night in question and in any event the probative value of the proffered information substantially is outweighed by its potential to (1) create undue

prejudice, (2) confuse or mislead the jury and (3) consume unwarranted use of time through the presentation and refutation of collateral matters.

      c.   **Motion *In Limine* to Exclude Plaintiff's Exhibit 6 (Facebook Screenshot)**

This motion is granted. Plaintiff is precluded from introducing the "screenshot" meme allegedly posted by Officer Figueroa on his personal Facebook account. This "screenshot" meme of President Trump is irrelevant to the events that occurred on the night in question and in any event the probative value of the proffered information substantially is outweighed by its potential to (1) create undue prejudice, (2) confuse or mislead the jury and (3) consume unwarranted use of time through the presentation and refutation of collateral matters.

      d.   **Motion *In Limine* to Exclude Plaintiff's Ex. 7 (Text Message)**

This motion is denied. At the very least, the text messages sent between plaintiff and Jimmy Gitzen, whom plaintiff believed to be the de facto owner and property manager of 3538 Fleming Avenue, is relevant to show the effect these messages had on her as the receiver/listener of those messages on the night in question. In addition, they are relevant to show whether she had the "documents" as she allegedly pleaded to Officer Figueroa that indicated she had permission to enter the premises (and by inference would demonstrate she lacked the requisite *mens rea* to commit the crimes for which she was arrested).

      e.   **Motion *In Limine* to Exclude Plaintiff's Exhibit 3, Exhibit 8, and Exhibit 9 (Figueroa Disciplinary File, Memo, and Complaint History Report)**

This motion is granted. Plaintiff has withdrawn her intent to introduce Officer Figueroa's disciplinary file, memo, and complaint history report as substantive exhibits during trial, but reserves the right to use them for impeachment purposes. The court need not address the propriety of their use for impeachment at this juncture.

      f. **Motion *In Limine* to Exclude Damages**

This motion is denied. Defendants have failed to substantiate their contentions of untimely disclosure and/or that they have suffered actual undue prejudice by the disclosure or scope of the damages plaintiff now seeks to recover, which are limited to actual financial costs, compensatory damages and punitive damages - from the date of her arrest through the dismissal of the charges against her. Nor do the rules governing emotional distress damages in Pennsylvania intentional infliction of emotional distress cases extend to the type of embarrassment, humiliation and emotional harms claimed here. Moreover, plaintiff's array of damages are well established forms of relief in a civil rights case and are authorized by the body of law governing her claims for violation of her constitutional rights.

                                                               s/David Stewart Cercone
                                                               David Stewart Cercone
                                                               Senior United States District Judge

cc:     Margaret Schuetz Coleman, Esquire
         Alexander B. Wright, Esquire
         Hillary Weaver, Esquire
         Julie E. Koren, Esquire
         Krysia Kubiak, Esquire

         (*Via CM/ECF Electronic Mail*)