IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIAN BALCOM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:19cv506 |
| | ) | **Electronic Filing** |
| **CITY OF PITTSBURGH** individually, | ) | |
| **GABE FIGUERO** individually, **JOHN** | ) | |
| **DOE** individually, **JORGE ZARATE,** | ) | |
| **OFFICER LEO, OFFICER** | ) | |
| **DONNOLLEY** and **OFFICER SMITH,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

AND NOW, this 28th day of June, 2023, in accordance with the court's directives on the record and after thorough consideration of all matters raised in the parties' submissions for points for charge, as supplemented, and their objections on the record at the conference held on Friday, June 23, 2023, the court makes the following rulings:

Defendant's proposed instructions 1 ("BURDEN OF PROOF") and 4 ("FIRST AMENDMENT RETALIAION"), Doc. No. 130 at p. 1-2 & 4, are granted in so far as they expressly request a burden-shifting framework for resolving plaintiff's First Amendment Retaliation claim. There are two avenues by which a plaintiff can have the jury consider her evidence of First Amendment Retaliation: first, a plaintiff can establish by a preponderance of the evidence that the defendant lacked probable cause to arrest her. Nieves v. Barlett, 139 S. Ct. 1715, 1724-25 (2019). Second, in the absence of showing a lack of probable cause, a plaintiff can proceed with such a claim when she "presents objective evidence that [she] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." Id. at 1727. If a plaintiff clears the no-probable-cause hurdle, "then the Mt. Healthy [City Bd. of Ed. v. Doyle, 429 U.S. 274 (1977)] test governs. The plaintiff must show

that the retaliation was a substantial or motivating factor behind the arrest, and, if that showing is made, the defendant can prevail only by showing that the arrest would have been initiated without respect to retaliation." Id. at 1726.  And if the plaintiff presents objective evidence that she was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been and proves that she was treated differently without consideration of subjective intent, then "the plaintiff's claim may proceed in the same manner as claims where the plaintiff has met the threshold showing of the absence of probable cause." Id. at 1727.

This burden-shifting framework for First Amendment Retaliation cases has long been the law in the United States Court of Appeals for the Third Circuit.  Our Court of Appeals has instructed:

> Under Mount Healthy's burden-shifting substantial-factor/same-decision framework, the plaintiff is not required to prove "but for" cause in order to warrant a judgment in his favor. In this framework, the defendants, in proving "same decision," must prove that the protected conduct was not the but-for cause. If, in proving a substantial or motivating factor, plaintiffs were required to prove but-for causation, it would be impossible for defendants to then prove that the same decision would have been made in the absence of what the plaintiffs had already shown to be the but-for cause of the decision.  While but-for causation is the ultimate question, it is the defendants' burden to prove lack of but-for causation.

Suppan v. Dadonna, 203 F.3d 228, 236 (3d Cir. 2000); accord Nicholas v. Penn. State University, 227 F.3d 133, 144 (3d Cir. 2000) ("In support of this claim, [the plaintiff] cites St. Mary's Honor Center v. Hicks, 509 U.S. 502 . . . (1993), which set forth the standard to be used in 'dual motives' cases under Title VII.  This argument misses the point.  First Amendment retaliation cases are not governed by Title VII's burden-shifting analysis, but rather by Mount Healthy framework.  In that case, the Supreme Court made it crystal clear that an employee may not recover in a dual-motives case if the employer shows that it would have taken the same action even absent the protected speech.").  Where the defendant "establishes its affirmative defense under Mount Healthy" in a First Amendment Retaliation

2

case, the defendant is entitled to judgment even though the protected speech was a substantial or motivating factor in the adverse state action. Nicholas, 227 F.3d at 145; accord Suppan, 203 F.3d at 236 ("As a result, if the defendant is able to show by a preponderance of evidence that the same decision would have been made had the protected conduct not played a substantial role, no relief will be required. On the other hand, if the protected conduct played any substantial role and the defendant is unable to carry its burden of showing the plaintiff has suffered no adverse consequences as a result, the plaintiff is entitled to be put in the same position he would have been in had the tainted decision been made in his favor."); Neives, 139 S. Ct. at 1725, 1727.

  Defendant's numerous objections to the court's jury instructions requesting a formulation of the charge pursuant to other approaches and/or models for other alleged violations of federal rights are overruled. As the Court made clear in Neives, Mt. Healthy strikes the appropriate approach in a First Amendment retaliation case once the plaintiff clears either of the two threshold showings. This framework is required in the Third Circuit and therefore a different formulation would run afoul of the current precedent.

  Defendant's points for charge numbers 2, 3, 5, 7 and 8 are substantially covered in the court's instructions. And to the extent defendant raised any concern regarding the court's discussion of these areas, adjustments were made to accommodate those concerns within the framework of the charge.

  Defendant's proposed point for charge 6 ("EQUAL PROTECTION"), is substantially covered in the court's instructions. To the extend defendant did "an about face" at the charge conference and proposed an instruction modeled on Chavez v. Ill. State Police, 251 F.3d 612, 635-36 (7th Cir. 2001), the objection/request is overruled. Magistrate Judge Eddy thoroughly explained why the selective enforcement approach adopted here provided the appropriate

framework for this case.  In doing so, she implicitly acknowledged that an approach based on the asserted deleterious effects of an alleged unlawful practice on a class-wide basis as utilized in Chavez was inapposite to the circumstances before the court.  See Report and Recommendation of February 28, 2022 (Doc. 7141) at 14-17, 19.  And to the extent defendant contends that plaintiff has been relieved of her burden of showing that she, as a female, was treated differently from a male who was substantially similar in all material ways, defendant's position simply ignores what the court's instructions and special interrogatories require for a verdict in plaintiff's favor.  Consequently, defendant's supplemental instruction based on Chavez is overruled.

      Defendant's supplemental point on probable cause as it relates to the irrelevancy of the outcome of the charges likewise was covered.  As to the injection of the jury considering that "[i]t is irrelevant to the probable cause analysis what crime a suspect is eventually charged with," the court covered all of the charges which were identified by defendant or were raised in the testimony.  To invite a decision based on some other crime not utilized or event mentioned in the submitted testimony would permit the jury to render a verdict based on speculation.  The court declines defendant's request to permit such a verdict.

      Defendant's supplemental point on the limited use of documents is covered in the court's instructions.

      The parties' requests for points bearing on an officer's duty to investigate or the lack thereof under varying circumstances involving a criminal investigation are overruled. Defendant's request for instructions on a tenant's right to exclude possession from anyone deriving authority from a landlord likewise is overruled.  These requests are not central to the matters submitted to the jury for factual resolution and have a tendency to lead the jury to

consider factual and legal matters beyond the purview of the court's instructions.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Margaret Schuetz Coleman, Esquire
     Alexander B. Wright, Esquire
     Hillary Weaver, Esquire
     Julie E. Koren, Esquire
     Krysia Kubiak, Esquire

     (*Via CM/ECF Electronic Mail*)